JEFFER MANGELS BUTLER & MITCHELL LLP
ROD S. BERMAN (Bar No. 105444)
rberman@jmbm.com
STANLEY M. GIBSON (Bar No. 162329)
sgibson@jmbm.com
JESSICA BROMALL SPARKMAN (Bar No. 235017)
jbromall@jmbm.com
LENA STREISAND (Bar No. 339021)
lstreisand@jmbm.com
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Attorneys for Plaintiff PAIGE, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAIGE, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SHOP PAIGE LLC, a New York limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:22-cv-07800-HDV-SK<br><br>[~~PROPOSED~~] AMENDED JUDGMENT AND PERMANENT INJUNCTION<br><br>The Hon. Hernán D. Vera |

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. This Court entered judgment in this action on January 13, 2025. Thereafter, the Court granted Plaintiff's Motion to Amend the Judgment to add Ms. Paige Restivo ("Restivo") and Restivo Jewelers, Inc. ("RJI") as Judgment Debtors. Accordingly, the originally judgment is amended to add Restivo and RJI as judgment debtors, jointly and severally liable for (a) all violations of this Amended Judgment by Defendant Shop Paige LLC, Restivo and/or RJI and (b) all monetary awards made herein. Hereafter, Defendant Shop Paige LLC ("Defendant"), Restivo, and RJI are referred to herein collectively as "Judgment Debtors."

2. This Court has jurisdiction over the subject matter of this action, and personal jurisdiction over Plaintiff, Defendant, Restivo, and RJI.

3.  Plaintiff owns valid and enforceable rights in and to the trademark PAIGE (the "PAIGE Mark") in connection with, at least, apparel, sunglasses, and eyewear, uses the PAIGE Mark in connection the apparel, footwear, and accessories, since 2005, has used the PAIGE Mark in connection with its physical retail stores featuring apparel, and since 2006, has used the PAIGE Mark in connection with online retail store services. The PAIGE Mark is distinctive and is strong both conceptually and commercially.

4.  Defendant uses (and/or used) the trademark **SHOP**PAIGE and the stylized **SHOP**PAIGE logo shown below ("Defendant's Word Mark" and "Defendant's Stylized Mark," respectively, and collectively, "Defendant's Marks") in connection with jewelry and the retail sales of jewelry online and through a retail store in New York.

**SHOP**PAIGE

5.  By using Defendant's Marks in connection with jewelry and in connection with online and brick-and-mortar retail store services featuring jewelry, Defendant infringed Plaintiff's rights in the PAIGE Mark.

6.  For the reasons explained in its Order Granting Plaintiff Paige, LLC's Motion for Equitable Relief and Attorneys' Fees and Costs, issued on July 10, 2024 [Dkt. No. 109] (the "Order re Profits and Fees") and its Order Amending the Judgment in this matter, within 30 days of the date of this Judgment, Judgment Debtors, on a joint and several basis, shall pay Plaintiff the sum of $2,572,667.89 for disgorgement of profits. In the event that the payment is not timely made, interest shall accrue at the higher of the rate of 10% or the maximum legal rate. For the reasons explained in the Order re Profits and Fees, the Court finds this to be an exceptional case. Within 30 days of the date of this Judgment, Judgment Debtors, on a joint and several basis, shall pay Plaintiff attorneys' fees and expert costs in the sum of $430,123.19 and $35,660.75, respectively. Payment of the above-identified

amounts, totaling $3,038,451.83, shall be made by cashier's check made payable to "Paige, LLC" and delivered to counsel for Paige within 30 days of the date of this Judgment. In the event that the payment is not timely made, interest shall accrue at the higher of the rate of 10% or the maximum legal rate.

7. For the reasons explained in its Order Granting Plaintiff Paige, LLC's Motion for Civil Contempt and Sanctions, issued on September 16, 2024 [Dkt. No. 132] (the "Contempt Order"), Defendant was ordered to pay Plaintiff compensatory sanctions in the amount of $13,600. Such payment was due immediately. Defendant was ordered to pay interest on the above amount at the rate of 10%, or $160.39 (as 43 days have elapsed since payment was due). Judgment Debtors, on a joint and several basis, shall pay the above-identified amounts, totaling $13,760.39, by cashier's check made payable to "Paige, LLC" and delivered to counsel for Paige within one day of the date of this Judgment. In the event that the payment is not timely made, interest shall accrue at the higher of the rate of 10% or the maximum legal rate.

8. Defendant, Restivo, and RJI, and all of its and their agents, licensees, employees, officers, directors, representatives, attorneys, predecessors, successors, assigns, and all those acting in concern or privity with them who receive actual notice of this Judgment by personal service or otherwise, are hereby enjoined and prohibited:

   a. from using, registering, applying to register, or otherwise acquiring any registration of or for:

      i. any of Defendant's Marks, or any variation on any them, including, without limitation, SHOP PAIGE, SHOPPAIGE NEW YORK, SHOP PAIGE NEW YORK, SHOPPAIGE NEW YORK BY PAIGE ELISIA, and SHOP PAIGE NEW YORK BY PAIGE ELISIA, or any stylized, design, or logo mark incorporating any of the foregoing, for or in connection with the import, manufacture, advertising, promotion, sale, offer for sale, or distribution of, apparel,

footwear, accessories, including, without limitation, belts, and scarves, purses, handbags, sunglasses, eyewear, jewelry, or any other goods or services related thereto, including, any and all goods in International Classes 9, 14, 18, and 25 (the "Prohibited Goods"), or online or brick-and-mortar retail store services featuring any of the Prohibited Goods (the "Prohibited Services"); or

          ii.    the term PAIGE, by itself or combined only with one or more words or elements that are descriptive of or generic for any of the Prohibited Goods or the Prohibited Services, as or as a part of any trademark, service mark, trade name, business or corporate name, domain name (including, without limitation, shoppaigeny.com, or any user name, profile name, page name, screen name, handle or the like for any website, social media page or profile, or other online platform or location, including, without limitation, SHOP PAIGE, SHOPPAIGE NEW YORK, SHOP PAIGE NEW YORK, SHOPPAIGE NEW YORK BY PAIGE ELISIA, and SHOP PAIGE NEW YORK BY PAIGE ELISIA, and shoppaigeny.com, for or in connection with the import, manufacture, advertising, promotion, sale, offer for sale, or distribution of either the Prohibited Goods or the Prohibited Services.

    b.    from forming any business entities or organizations to avoid or evade the restrictions set forth in this judgment and injunction or in any way assist any third party to engage in any conduct that would violate the restrictions in this judgment and injunction.

    c.    By way of explanation and example, and without limiting, replacing, or superseding any of the foregoing, Defendant, all of its agents, licensees, employees, officers, directors, representatives, attorneys, predecessors, successors, assigns, and all those acting in concern or privity with them who receive actual notice of this Judgment by personal service or otherwise, including, without limitation, RJI and Restivo are hereby ordered to:

        i.      Remove all uses of the prohibited marks per the Court's prior injunction, including, without limitation, SHOP PAIGE, SHOPPAIGE NEW YORK, SHOP PAIGE NEW YORK, SHOPPAIGE NEW YORK BY PAIGE ELISIA, and SHOP PAIGE NEW YORK BY PAIGE ELISIA, and shoppaigeny.com, from the name, description, key words, metatags, and hashtags from all digital and social media platforms, including, without limitation, shoprestivojewelry.com, Tik Tok, Instagram, Facebook, YouTube, Snapchat, Google, Amazon, Shopify, Cash App, Venmo, including for purposes of redirecting to new websites, webpages, or social media pages.

        ii.      Destroy all materials, including, without limitation, jewelry boxes, and invoices, tags, receipts, and labels sent with mailed orders, that bear the prohibited marks per the Court's prior injunction, including, without limitation, SHOP PAIGE, SHOPPAIGE NEW YORK, SHOP PAIGE NEW YORK, SHOPPAIGE NEW YORK BY PAIGE ELISIA, and SHOP PAIGE NEW YORK BY PAIGE ELISIA, and shoppaigeny.com; and

        iii.      Remove or cover all signage or advertising used in any brick-and-mortar store, including, without limitation, Defendant's retail store and any third party retail stores, that bear any of the prohibited marks, including, without limitation, SHOP PAIGE, SHOPPAIGE NEW YORK, SHOP PAIGE NEW YORK, SHOPPAIGE NEW YORK BY PAIGE ELISIA, and SHOP PAIGE NEW YORK BY PAIGE ELISIA, and shoppaigeny.com.

9.      Defendant, Restivo, and RJI, and all of its and their agents, licensees, employees, officers, directors, representatives, attorneys, predecessors, successors, assigns, and all those acting in concern or privity with them who receive actual notice of this Judgment by personal service or otherwise, are hereby directed to destroy all materials, including, without limitation, all labels, signs, prints, packages, advertisements, books, and pamphlets bearing Defendant's Marks or any other marks the use of which is prohibited by this judgment and injunction.

10. Defendant, Restivo, and RJI, and all of its and their agents, licensees, employees, officers, directors, representatives, attorneys, predecessors, successors, assigns, and all those acting in concern or privity with them who receive actual notice of this Judgment by personal service or otherwise, are hereby directed to, within thirty (30) days from the date of this judgment and injunction, file with this Court a declaration under oath confirming full compliance with this judgment and injunction and setting forth, in detail, the manner and form ~~in which~~ they have complied with this judgment and injunction.

Dated: ___March 24___, 2025

_____
Hon. Hernán D. Vera
United States District Court Judge